FILED
SCRANTON
AUG 10 2021
PER /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------
In re                                :
Inspection of                        :
                                     :   NO. 3:21mc640
MIDVALE PAPER BOX CO.,               :
located at 19 Bailey Street          :
Plains, PA 18705                     :
------------------------------------

## APPLICATION FOR INSPECTION WARRANT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Mary Reynolds, Area Director of the Wilkes-Barre Area Office, Occupational Safety and Health Administration, United States Department of Labor, hereby applies for a warrant pursuant to section 8 of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657, to inspect the workplace described in the above caption. As grounds for the issuance of the warrant, after first being sworn, I depose and state:

1. I am the Area Director of OSHA's Wilkes-Barre Area Office. In that capacity, I supervise the inspection activities of OSHA's Compliance Safety and Health Officers assigned to the Wilkes-Barre Area Office. Moreover, I have the responsibility of making applications for inspection warrants under sections 8(a) and 8(f)(1) of the Act, 29 U.S.C. § § 657(a) and 657(f)(1).

2. Midvale Paper Box Company, Inc. ("Midvale") is a corporation engaged in the business of manufacturing boxes.

3. Midvale is an employer within the meaning of section 3(5) of the Act, 29 U.S.C. §652(5), in that it employs employees within the meaning of section 3(6) of the Act, 29 U.S.C. §652(6), in a business affecting commerce.

4. The facility described in the caption has been selected for inspection as a result of complaints made by two current Midvale employees. One of the employees called my office on July 23, 2021, and spoke to a compliance safety and health officer. The employee confirmed that they were a current Midvale employee, and described the hazardous conditions at the facility. The second employee similarly called my office on July 28, 2021, and spoke to a compliance safety and health officer. That employee too identified themselves as a current Midvale employee and described hazardous conditions. A Notice of Alleged Safety or Health Hazards, which sets forth the specific complaints made by the employees, is attached hereto as Exhibit A. In addition, the declarations of CSHOS Eric Wolfgang and Tyler Jindra, who received the calls from the current employees, are attached hereto as Exhibits B & C.

5. Upon receipt of a complaint, section 8(f)(1) of the Act, 29 U.S.C. § 657(f)(1), authorizes the Secretary of Labor to conduct an inspection if "the Secretary determines there are reasonable grounds to believe that such violation or danger exists."

6. The allegations made by the two current employees, as set forth in Exhibit A, establish reasonable grounds to believe that there are possible violations of 29 U.S.C. § 654(a) and the safety and health standards enforced pursuant to that section including, but not limited to, 29 C.F.R. § 1910.303 and § 1910.305.

7. This is not the first time that OSHA has sought a warrant to inspect this facility. In October 2017, OSHA conducted part of an on-site inspection (Inspection 1268278) and was in the process of interviewing employees when officials from Midvale denied further access without a warrant. My office obtained a warrant from this Court and served it on or about November 6, 2017. After the inspection was completed, OSHA issued a citation alleging numerous willful, repeat, and serious violations of standards governing electrical hazards,

machine guarding, lockout/tagout, and other hazards. The proposed penalties were $201,212. Midvale contested the alleged violations and proposed penalties before the Occupational Safety and Health Review Commission, and an Administrative Law Judge conducted a trial in April and May, 2019. That matter is still pending decision by the ALJ under OSHRC docket 18-1701.

8. The currently-planned inspection will be conducted during regular working hours, within reasonable limits, and in a reasonable manner. The compliance officer's credentials will be presented to Midvale, and the inspection and investigation will be commenced as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

9. The inspection and investigation will be limited to an evaluation of the hazards set forth in Exhibit A and any hazards in plain view.

10. The inspection will also include the taking of photographs and/or videotaping for evidentiary purposes, and the questioning of employers, owners, operators, agents and employees privately during working hours on Midvale's premises, as authorized by 29 C.F.R. § 1903.7(b).

11. The inspection and investigation shall also include the opportunity for a representative of the employer and a representative authorized by employees to accompany the compliance officer during the physical inspection of the workplace, or the compliance officer shall consult with employees concerning matters of health and safety in the workplace if there is no authorized representative of employees pursuant to section 8(e) of the Act, 29 U.S.C. § 657(e) and 29 C.F.R. § 1903.8.

12. The inspection shall commence within seven (7) working days of the issuance of the warrant. The inspection shall proceed for no longer than ten (10) consecutive working days, which shall commence to run upon initiation of the inspection, unless the period for inspection is

enlarged by further order of the Court. Days on which this facility is not operating will not be counted as "working days."

13. A return will be made to the Court within seven (7) calendar days after the completion of the inspection.

MARY REYNOLDS
Digitally signed by MARY REYNOLDS
Date: 2021.08.10 10:27:30 -04'00'

Mary Reynolds, Area Director
Wilkes-Barre Area Office
Occupational Safety and Health
Administration, Region III
United States Department of Labor

OF COUNSEL:

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Michael P. Doyle
Regional Counsel for OSHA

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
U.S. Department of Labor
1835 Market Street Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5139

Sworn to before me and subscribed in my

Presence this 10th ay of August 2021.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT A

**U.S. Department of Labor**
Occupational Safety and Health Administration



## Notice of Alleged Safety or Health Hazards
July 29, 2021 8:06 AM

| Complaint Number | | | 1787956 | |
|---|---|---|---|---|
| Establishment Name / DBA | Midvale Paper Box Company, Inc. | | | |
| Site Address | 19 Bailey Street<br><br>PLAINS TOWNSHIP, PA 18705 | | | |
| | Site Phone | (570) 824-3577 | Site FAX | (570) 704-0242 |
| Mailing Address | 19 Bailey Street<br><br>Plains Township, PA 18705 | | | |
| Management Official | | | Phone | |
| Type of Business | Paper Box Mfg. | | | |
| Ownership | Private Sector | | Site Activity NAICS | 322212 - Folding Paperboard Box Manufacturing |
| HAZARD DESCRIPTION/LOCATION Describe briefly the hazard(s) which you believe exist. Include the approximate number of employees exposed to or threatened by each hazard. Specify the particular building or worksite where the alleged violation exists. | | | | |
| 1. Employees working in the gluing department are exposed to electrical and trip hazards from extension cords laying on the floor and have been in use for many years.<br><br>2. Employees working on gluing machines are exposed to electrical hazards from high voltage wires which have pulled out of the control boxes of several of the gluing machines.<br><br>3. Employees working in the production area are exposed to electrical hazards from open 480 volt switch and breaker boxes that are open.<br><br>4. Employees in the cutting area are exposed to electrical hazards from the roof leaking onto electrical machinery.<br><br>5. Employees are raised by a forklift to change light bulbs near the ceiling of the facility, exposing the employee to a fall hazard. | | | | |